In the Matter of HERBERT LAZAR, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, March 2, 1965.

*Henry Weiner* (*James J. Fitzpatrick* with him on the brief), attorney for petitioner.

*Samuel Falk* (*Samuel Mezansky* and *Thomas J. Malmud* with him on the brief), attorney for respondent.

*Per Curiam.* Respondent, age 35 years at the time of preferment of charges, was admitted to practice on April 2, 1952 in the Appellate Division, Supreme Court of the State of New York, Second Department. The petition charging professional misconduct contains eight charges and was filed against respondent April 25, 1963.

He was charged with the compromise of infants' claims without court order; that he frequently procured or caused to be procured from clients signed retainer agreements with the name of the attorney omitted; and that he failed to maintain a special bank account. These charges were admitted. Additionally, he was charged with submitting false bills of particulars of injuries claimed, and in some instances loss of earnings, and 11 specifications thereunder were sustained by the Referee. Also charged was the submission of false medical reports and doctor bills. Seven specifications were sustained by the Referee. The charge of submitting a false statement of loss of earnings for a particular client was also sustained.

There were two other charges. One of these was that in processing personal injury claims for some 20 clients he indulged in the custom or practice generally of bearing and paying disbursements and medical bills. As to this charge the Referee found the specifications were supported to the extent that respondent did pay such disbursements and was not reimbursed, although he made efforts to obtain the same from his clients. The remaining charge alleged in the petition was that respondent failed to list all payments or failed to itemize all disbursements to show their payment in closing statements. The charge was sustained as to 15 specifications but with the explanation by the respondent that he did file the required statements showing his share diminished by reason of the payment of such disbursements from his share.

All of the charges save those specifically admitted as indicated were denied by the respondent. The record of the hearing amply supports the Referee's findings on the charges sustained, more particularly as to false bills of particulars, false medical reports and doctor bills, loss of earnings and the failure to list all payments as required. It appears also that in most if not all of the instances respondent's clients were aware of the false statements as to loss of wages and injuries claimed which appeared in the bills of particulars. The medical testimony of the physician who appeared as to the nature and extent of the injuries suffered by the clients is not persuasive, particularly in light of the fact that in most instances the medical records were not available. As to the doctors who did not appear, there was a more than reasonable assumption that their testimony would not have supported the bills submitted.

It is apparent that respondent developed an extensive negligence practice. From July 1, 1960 to June 6, 1962 respondent filed 537 statements of retainer. As a single practitioner he assumed the entire burden of representation and in effecting disposition of the cases the abuses and violations referred to occurred. The nature and extent of such violations and the findings, which we confirm, support the charge that respondent has been guilty of professional misconduct and should be disciplined. (*Matter of Shufer,* 12 A D 2d 208; *Matter of Lemkin,* 17 A D 2d 550; *Matter of Shields,* 16 A D 2d 50; *Matter of Fata,* 22 A D 2d 116.) Respondent should be disbarred.

BOTEIN, P. J., RABIN, VALENTE, STEVENS and EAGER, JJ., concur.

Respondent disbarred as of April 2, 1965.